UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. CASEY, II, | No. 2:22-cv-2240 CKD P |
| Plaintiff, | |
| v. | ORDER |
| PATICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Having conducted the required screening with respect to plaintiff's complaint (ECF No. 1), the court finds that plaintiff may proceed on a claim based upon retaliation for protected conduct in violation of the First Amendment against defendant Justinich.

With respect to the other claims and defendants, the allegations do not amount to claims upon which plaintiff may proceed. At this point, plaintiff has two options: 1) proceed immediately on the claim identified above; or 2) attempt to cure the deficiencies in plaintiff's complaint in an amended complaint. In considering whether to amend, the court advises plaintiff as follows:

1. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. In general, plaintiff's allegations should not be vague or conclusory. Plaintiff must point to specific acts in order to establish an actionable claim.

3. In order to state a cognizable claim for violation of due process during things such as a prisoner disciplinary hearing which did not result in the loss of good conduct sentence credit, plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

/////

4. Any challenge to prisoner disciplinary proceedings which resulted in the revocation of good conduct sentence credit must be brought in a petition for writ of habeas corpus and not a 42 U.S.C. § 1983 action unless the revoked sentence credit has been restored. See Edwards v. Balisok, 520 U.S. 641, 646-47 (1996).

5. The Equal Protection Clause generally protects against unequal treatment as a result of intentional or purposeful discrimination. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claim identified in this order or file an amended complaint in an attempt to cure the deficiencies in his original complaint. If plaintiff does not return the form, this action will proceed on the claim described above.

Dated: March 3, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
case2240.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. CASEY, II, | No. 2:22-cv-2240 CKD P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF |
| PATRICK COVELLO, et al., | HOW TO PROCEED |
| Defendants. | |

**Check one**:

_____ Plaintiff wants to proceed immediately on a claim based upon retaliation for protected conduct in violation of the First Amendment against defendant Justinich.

    **OR**

_____ Plaintiff wants time to file an amended complaint.

DATED:

                                                                  Plaintiff's Signature